**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **VARTAURSE C. PENNS** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO.: 1:24-cv-00266-TBM-RPM** |
| **MATT HALEY, et al.** | **DEFENDANTS** |

**REPORT AND RECOMMENDATION**

On August 30, 2024, *pro se* Plaintiff Vartaurse C. Penns filed this Complaint [1] under 42 U.S.C. § 1983, naming seven Defendants: (1) Sheriff Matt Haley, (2) Harrison County, Mississippi, (3) Circuit Judge Christopher Schmidt, (4) Captain Unknown Lege, (5) Warden Unknown Hubbard, (6) Gabriel Allen, and (7) Tiger Foods. [1] at 1-2; [18] at 1. When he filed this lawsuit, Plaintiff was an inmate housed at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi. [1] at 1. On November 7, 2024, Plaintiff advised the Court that he had been relocated to the Pascagoula Restitution Center, [16] at 1, but he was transferred back to HCADC on or about February 18, 2025, [20] at 1. Plaintiff is proceeding *in forma pauperis*. [9] at 1-3.

On August 20, 2025, the Court set this matter for a screening hearing on December 10, 2025, in Gulfport, Mississippi. [23] at 1-2. The Order Setting Omnibus Hearing, along with the Notice of Hearing, was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable. [25] at 1. Plaintiff has not notified the Court about a change of address—despite being warned five times that his failure to comply with the Court's orders or to advise the Court about a change of address may result in the dismissal of this case. *E.g.*, [1-1] at 1; [3] at 2; [9] at 2; [10] at 2; [23] at 2. Those warnings included a specific caution that it is Plaintiff's "duty to prosecute this case." [23] at 2. Regardless, Plaintiff has not communicated with

this Court about his lawsuit since February 18, 2025 [20] [21], and the Court has not been able to locate his current address—despite independent research.

On December 10, 2025, the Court came to order at the appointed time and in the appointed location and announced Plaintiff's case. Plaintiff's name was called inside the courtroom three times without a response. Plaintiff's name was then called in the hallway outside the courtroom three times, again without a response. Court security personnel confirmed that Plaintiff had not passed through the security checkpoint at the courthouse to enter the building. Based on Plaintiff's failure to appear at the screening hearing, for which the Court attempted to provide him notice, and his failure to keep the Court apprised of his current address, the undersigned finds that Plaintiff no longer demonstrates interest in prosecuting his claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff Vartaurse C. Penns' Complaint be dismissed without prejudice for failure to prosecute.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L.U.Civ.R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District

Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED,** this 11th day of December, 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE